MILBOURN *v.* MAATSCH.

1. FRAUD—RESCISSION OF CONTRACT—LAND CONTRACTS—DAMAGES
   —EVIDENCE—SUFFICIENCY.
   On a bill to annul a contract for the purchase of a farm
   and personal property thereon because of the alleged fraud
   of defendants in selling the same, and to obtain a decree
   for damages, where plaintiffs remained in possession of
   the property without offering to return the same, on
   plaintiffs' failure to establish fraud the bill was properly
   dismissed.

2. APPEAL AND ERROR—REMAND OF CASE TO LAW SIDE DENIED
   WHERE NO FRAUD SHOWN.
   The suggestion of plaintiffs that the case be remanded and
   transferred to the law side of the court that plaintiffs,
   on the theory of an affirmance of the contract, might
   have opportunity to recover damages for fraud, must be
   declined by this court, being of opinion that fraud has
   not been shown.

Appeal from Eaton; Smith (Clement), J. Submitted April 23, 1920. (Docket No. 14.) Decided June 7, 1920.

Bill by Alexander Milbourn and another against Henry H. Maatsch and another for the rescission of a land contract, and for an accounting. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Robert S. Ballard* and *John I. Carpenter*, for plaintiffs.

*Peters & Marshall*, for defendants.

CLARK, J. On August 25, 1917, plaintiffs with defendants entered into an executory land contract for the purchase of a farm in Eaton county. For a named consideration there was included in the contract with

the land other property, consisting of horses, cattle, tools, implements and "crops, harvested and unharvested." As a down payment plaintiffs assigned to defendants their interest in a land contract covering a house and lot in Lansing. About October 1, 1917, plaintiffs took possession of the farm and the other property and defendants entered into possession of the Lansing property. On March 5, 1918, plaintiffs filed their bill of complaint alleging fraud on the part of the defendants in the making of the contract respecting the farm and the chattels and asking that such contract be held void and set aside and that an accounting be had. Plaintiffs, although asking relief as stated, continued in possession and use of the farm and were so in possession at the time of the hearing. They had cut trees, removed fences, grown crops, sold or disposed of a large part of the personal property, had paid no taxes and had resisted efforts of defendants to get possession of the farm and the personal property. The bill of complaint does not allege an offer to restore possession of the farm nor a tender back of the personal property. December 1, 1918, defendants answered denying at length all charges of fraud, and by cross-bill, asked affirmative relief. The cause was heard in January, 1919. The trial court filed an opinion from which we quote:

"The bill in this cause was filed by plaintiffs to annul a contract for the purchase of a farm and personal property thereon because of the alleged fraud of the defendants in selling said farm to plaintiffs, and to obtain a decree for damages. The bill states a case which seems to me to be a cross between a bill in chancery, and a declaration on the law side of the court. * * * It is apparent from the bill that some of the relief asked for could not be granted in chancery but could be relieved in a suit at law, if at all.

"From the proof I am of the opinion that the plain-
210—Mich.—35.

tiffs have failed to substantiate any fraud or deception or misrepresentation on the part of the defendants which entitles them to the relief they ask, and it is my judgment that the bill should be dismissed with costs.

"The defendants have filed a supplemental answer and cross-bill praying for relief, which I infer is intended to be in the nature of a foreclosure of the contract. While the cross-bill is somewhat meagerly drawn, it is possible that it might be treated as sufficiently strong enough to support a foreclosure decree. * * * I feel that the cross-bill in the answer should be dismissed."

Plaintiffs then made a motion to set aside the opinion of the court and a motion for leave to amend the bill of complaint and a motion for a rehearing. In denying these motions we find no abuse of discretion. Decree was entered in accordance with the opinion filed. Plaintiffs have appealed. It will profit no one to review the evidence upon this issue of fact. We think the record sustains the conclusion reached by the trial court. Counsel for plaintiffs here suggest that the cause be remanded and transferred to the law side of the court, seemingly that plaintiffs, on the theory of an affirmance of the contract, may have opportunity to recover damages for fraud. Being of the opinion that fraud has not been shown, such suggestion must be declined. The decree is affirmed, with costs to the defendants.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.